JAMES DONNELLY and Wife *v.* A. D. & J. Y. SMITH & Co.

In a suit by husband and wife to recover wages earned by the wife before marriage, the wife is not competent, under the provisions of sections 33, 34 and 35 of chapter 187 of the Revised Statutes, to testify as a witness in favor of her claim, her husband being a party, and interested in the costs of the suit.

ASSUMPSIT, by the plaintiffs, husband and wife, to recover wages earned by the wife before marriage.

The case was appealed from the Court of Magistrates of the City of Providence to the Court of Common Pleas for the county of Providence, at its December term, 1860, at which term it came on for trial before Mr. Justice Shearman, with a jury.

The plaintiffs having recovered a verdict, exception was now taken that the judge below admitted the wife, against the objection of the defendants, to testify as a witness for the plaintiffs.

*Thurston & Ripley, for defendants :—*

Our statute leaves the excepted case of husband and wife, as to competency, the same as at common law. Rev. St. ch. 187, § 35. The husband, being a party, is interested in the result of the suit, not only in the matter of costs, but also in the final recovery, it being secured to his wife only so far as to exempt it from attachment for his debts. Rev. St. ch. 136, § 1. There is no force in the argument from *necessity*, because, in all actions in relation to wife's separate property, trustees can be appointed to bring the suit for her. Rev. St. ch. 136, § 17. In an action brought by the husband and wife, for an assault on the wife, the wife was not allowed to be called as a witness. *Pillow* v. *Bushnell*, 3 Barb. S. C. Rep. 156. Neither husband nor wife is admissible as a witness in a cause, civil or criminal, in which the other is a party. 1 Greenleaf on Ev. § 334, n. When the husband is the beneficial, though not the nominal party, his wife is not competent. *Pyle* v. *Moulding*, 7 J. J. Marsh, 202. When the husband is a party, the wife cannot be a witness either for or against him. *Fitch* v. *Hill*, 11 Mass. 286; *City Bank* v. *Bangs*, 3 Paige, 36; *Griffin* v. *Brown*, 2 Pick. 304, 308. A wife cannot be a witness against the interest of her husband in a suit to which her husband's trustee is the nominal party, and which the trustee defends on behalf of her husband. *Edwards* v. *Pitts*, 3 Strobh. 140; vide also, *Winsmore* v. *Greenbank*, Willes, 577; *Alban* v. *Pritchett*, 6 T. R. 680; *Barron* v. *Grillard*, 3 V & B. 165.

*B. N. Lapham, for defendants :—*

The question turns upon the construction of section 34, chapter 187, of the Revised Statutes.

The wife, in this suit, is really the party, the suit being to recover her wages earned before marriage, and the husband being merely a nominal party. Undoubtedly, he might be excluded from testifying for her ; but, as this is her suit, the general terms of the above section admit her to testify for herself.

The mere liability of the husband for costs ought not to exclude her.

AMES, C. J. By the provisions of sections 33 and 34 of chapter 187 of the Revised Statutes, persons interested are admitted

to give evidence in any civil suit or proceeding, at law or in equity; and, with certain exceptions, parties are admitted to testify in open court in their own behalf, and are compelled either to testify or depose in behalf of the other party, as other witnesses. One of these exceptions grows out of the peculiar policy applied to the relation of husband and wife; and the 35th section of the same chapter, amongst other things, enacts, that "nothing in the preceding two sections shall render the husband or wife, either during marriage or after divorce, competent to testify for or against each other, otherwise than now by law allowed." The statute, therefore, leaves the competency of husband and wife, as witnesses for or against each other, precisely as it stood at common law.

It cannot be pretended that, at the common law, the wife could testify on the part of the husband, though he were but a nominal party to the suit, and interested only in costs; or, indeed, in any civil case in which the husband himself, as a party or on account of interest, could not testify; and it does not strengthen her title to testify in this case, that she was offered to support, by her testimony, her own claim.

It will be noticed in this connection, that the 34th section of the above chapter expressly excepts nominal parties out of the proviso inhibiting an original party to a contract or cause of action to which the other party is dead, from testifying in his own behalf; so that, if the husband be deemed but a nominal party to the case,—the chose in action, under the married woman's act, being secured to the wife,—it would seem that the statute expressly named and excluded such nominal parties, though admitted by the general terms of its exceptions.

The exception must be sustained, and a new trial ordered in the Court of Common Pleas.